Good morning, Your Honor. David Jenkins, appearing for the appellants. Your Honor, this case is an appeal from a decision that's based on a Ninth Circuit authority called In re de Mera. It's our position that In re de Mera was not properly decided, and I cited as an additional authority that I filed on September 27th, a Supreme Court case dealing with statutory construction that I believe supports that conclusion. The case I cite says that faced with the task of interpreting the interplay between two sections, that specific language should take priority over general. Are you claiming that there's an intervening change in the law that meets the Miller versus Gammy standard for us as a panel to declare a prior three-judge decision to be overruled by the Supreme Court? Because I don't see such authority. No, Your Honor, I'm not claiming that. Well, then we're bound by that decision for purposes of these proceedings, aren't we? Yes, you are. Okay. And I have to tell you, as a citizen and a lawyer, I like stereo decisis because I like the fact that it promotes reliability and predictability. And I would not lightly suggest that the court should undertake to ignore stereo decisis. But I have to make my argument here in order to try to move to the next level. So, but in this case, the de Mera decision violated what the Supreme Court called one of the cardinal rules of statutory construction. All of the language that I'm relying on for why my client should be able to avoid these liens and preserve them for their homestead is now hanging out there with nothing to do. And that is not an acceptable way to leave a statute sitting. Would you, counsel, would you address this that any party has contended that this part of the case is moot? I thought the government argued that this case was moot because the liens, the value of the liens exceeded the value of the exempted property. Our position is that we have a right to avoid the United States' lien and preserve it for the benefit of our homestead exemption. And that's what the statute says. The de Mera case says that I guess Congress was only kidding when they said we could do that. But that's our position is that it's not moot because we have a right to avoid their lien and preserve it for the benefit of our homestead exemption. I'll answer any other questions you have. I think you've got a pretty good feel. What's your response to the effect of C2B on your argument on that's based on 522I? Your Honor, 522 has various sections cross-referring to one another. And as I read the section, it says very clearly that we have the right to avoid tax liens for non-pecuniary loss penalties, and we have a right to preserve them for the benefit of our homestead exemption. Well, focusing in on the argument that you've made that 522I says that the trustees' avoidance of a part of the lien inures to your benefit. And I'm wondering whether or not that argument runs into an obstacle with the language in C2B, which says that tax liens override the exemptions that would otherwise apply. So property that would otherwise be exempt is still subject to a tax lien. Why wouldn't that negate your 522I argument? Because I believe the language says with the exception of liens that are avoided under 726A4. And 726A4 is the avoidance statute that we're relying on, and it's the same statute whether the trustee avoids the lien or whether we avoid the lien. And the statute specifically says that even if the trustee avoids the lien, we have a right to avoid it or to preserve it for the benefit of our homestead exemption. Excuse me, counsel. Who has their phone on? I'm sorry, Your Honor. Someone has their phone on and it's ringing. Would you please turn off your phone? It's Again, the way the statute reads, even if the trustee avoids it, we have a right to step in and avoid it. And the legislative history to that section sets forth a whole procedure for how the debtor should go about asserting that right by intervening. And Collier on bankruptcy, which is the best treatise I'm aware of on bankruptcy law, cautions people that if you're going to do that, you need to intervene early, which we tried to do. And so we don't think 522I is a problem. Can I reserve some time to respond to what Mr. Brandman has to say? Yes, you may reserve the rest of your time. Thank you very much, Your Honor. May it please the court, Robert Bramington, United States. I think essentially what we have here is a debtor's argument that has previously been rejected by this court. And the appellant seems to be aware of that fact and isn't looking to distinguish this case or doesn't cite any intervening authority. This argument is just a way station before a petition for rehearing en banc. I'm not sure I have much more to add. I might be able to clarify Judge Wardlaw's question about mootness. There were actually two appeals arising out of this bankruptcy proceeding. The other appeal was the government's appeal, which did become moot on the way to the Ninth Circuit and was just recently dismissed. That had to do with after the judgment in this case, the debtor's claim was dismissed. The trustee had cross claims against the United States about avoiding liens, and we reached an agreement about which tax liens were avoided. The United States sought to compel the trustee to abandon the house. In our view, between the value of the house and the mortgage and the tax liens, there was going to be no benefit to the bankruptcy estate. Bankruptcy court didn't see it the same way. But before the appeals were concluded, before the district court could rule on our appeal, the trustee sold the house, so it could no longer be abandoned, and it became moot. But this appeal itself is not moot in our view. I'm not sure I have anything else to add, except that unless there are other... Let me ask you, do you think DeMauro was correctly decided? We think it was correctly decided, yes. These are dense, interrelated statutes, but we think DeMauro was correctly decided. I sure hope that Judge Fernandez agrees with us on that point, since he upheld the opinion. We've noticed. It's quite a coincidence. Yes. What is your response to their 522i argument that, you know, under 522i, the tax lien that was avoided by the trustee in order to the benefit of the taxpayer, if it is exempt under the provisions, and then if you follow the exemptions, they claim that it would be. What's your response to that argument? I'm not sure I can answer that, honestly, other than what's in my brief. Well, I think that the DeMauro opinion concluded that the avoidance had to be under... It could only in order to the debtor's benefit if the avoidance was under F or H, and it couldn't be under H because of the... It was one of the other provisions, I'm sorry. Okay. All right. Thank you, counsel. Mr. Jenkins, you had a few minutes. Thank you, Your Honor. We do not, unless we get some encouragement from one or more members of this panel to do so, we do not intend to file a petition for rehearing on Bach. We do intend to file a petition for cert, and we know that's a long shot. On the other hand, I have been there before, so I'm hopeful that maybe I'll get another chance to go. And again, we believe very strongly that DeMauro was not properly decided based on the method that the Supreme Court says should apply to statutory construction. And with that, I will submit unless there are more questions. It doesn't appear that there are, so thank you very much, counsel. And Henry Leonard Hutchinson, please submit it. Thank you, Your Honor.
judges: Fernandez, Wardlaw, Collins